# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ARTHUR BOTANY,

    Plaintiff,

v.                                                                         Case No. 10-C-0762

OFFICER MARTIN,

    Defendant.

## DECISION AND ORDER

Plaintiff Arthur Botany, who is proceeding pro se, filed this civil rights action on September 2, 2010, and was allowed to proceed on his claims that 1) defendant Officer Martin harassed him and used cruel and unusual punishment against him in violation the Eighth Amendment and 2) defendant Martin violated his Fourteenth Amendment right to equal protection. The following motions are currently pending before the court: 1) the defendant's motion for summary judgment (Docket # 20), 2) the plaintiff's motion for summary judgment (Docket # 27), and the plaintiff's motion for order to deny defendant's motion for summary judgment. (Docket # 32).

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, if any, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). "Material facts" are those facts that under the applicable

substantive law "might affect the outcome of the suit." Anderson, 477 U.S. at 248. The burden of showing the needlessness of a trial – (1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law – is upon the movant. In determining whether a genuine issue of material fact exists, the court must consider the evidence and all reasonable inferences in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587 (1986), Matter of Wade, 969 F.2d 241, 245 (7th Cir. 1992). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. Anderson, 477 U.S. at 267; see also, Celotex Corp., 477 U.S. at 324.

The evidence relied upon in a motion for summary judgment must be of a kind that would be admissible at trial. See Waldridge v. American Hoechst Corp., 24 F.3d 918, 921 n.2 (7th Cir. 1994) (citing Gustovich v. AT & T Communications, Inc., 972 F. 2d 845, 849 [7th Cir. 1992]). Thus, an affidavit submitted to support or to oppose a summary judgment motion "must be made on personal knowledge, set forth facts that would be admissible in evidence and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1).

"It is well-settled that conclusory allegations . . . without support in the record, do not create a triable issue of fact." Hall v. Bodine Elec. Co., 276 F.3d 345, 354 (7th Cir. 2002) (citing Patterson v. Chicago Ass'n for Retarded Citizens, 150 F.3d 719, 724 [7th Cir. 1998]). A finding of fact based on an affidavit which contains conclusory legal statements and is barren of any relevant facts of which the affiant has personal knowledge is not proper under Rule 56(e). See Resolution Trust Corp. v. Juergens, 965

F.2d 149, 152-53 (7th Cir. 1992). Such unsupported conclusory allegations have not been included in the relevant undisputed facts.

**RELEVANT UNDISPUTED FACTS[1]**

The plaintiff, Arthur Botany, is a state prisoner who was incarcerated at the Wisconsin Secure Program Facility (WSPF) at all times relevant to this complaint. Defendant Officer Martin is an employee of the Wisconsin Department of Corrections who works at WSPF.

Thomas Gozinske is employed as a Corrections Complaint Examiner (CCE) for the Wisconsin Department of Corrections (DOC). In this capacity, he receives and investigates appeals made to the DOC Secretary regarding adverse decisions on complaints filed by inmates, and makes appropriate recommendations concerning the appeals.

Consistent with Wis. Admin. Code § DOC 310.05, inmates must exhaust all administrative remedies that the DOC has promulgated by rule before they may commence a civil action against an officer, employee or agent of the DOC in that person's official or individual capacity. The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). An inmate begins the ICRS process by filing a complaint with the Institution Complaint Examiner (ICE) at his or her institution, consistent with the provisions of Wis. Admin. Code § DOC 310.09. The ICE reviews and investigates the

---

[1] The relevant facts are taken from the defendant's proposed findings of fact, the defendant's affidavit, and the exhibits attached to that affidavit, as well as the affidavit filed by the plaintiff on June 14, 2011. On that date, the plaintiff filed a document entitled a motion for summary judgment, along with an affidavit in support of his motion for summary judgment.

inmate complaint at the institution level, within the parameters set forth in Wis. Admin. Code § DOC 310.11. The ICE makes a recommendation on the complaint to the appropriate reviewing authority, which is the warden, bureau director, administrator or designee who is authorized to review and decide an inmate complaint at the institution level.

The plaintiff did not successfully file any offender complaints concerning the claims underlying his complaint in this case. He attempted to file an offender complaint, but it was returned to him on June 1, 2010, with an explanation that his handwriting was not legible and, therefore, the complaint violated Wis. Admin. Code § DOC 310.09(1)(a).

On June 9, 2010, the plaintiff appealed the returned complaint to the CCE office. The CCE returned the appeal to the plaintiff on June 10, 2010, because it did not have the authority to address his appeal. The CCE advised the plaintiff that he had the option to rewrite his complaint legibly and resubmit it to the ICE at WSPF. The plaintiff never submitted a redrafted or rewritten complaint to the ICE at WSPF.

## **ANALYSIS**

The defendant asserts that he is entitled to summary judgment because the plaintiff failed to exhaust his administrative remedies under the Inmate Complaint Review System (ICRS) before filing this action. The plaintiff contends that the defendant's own evidence proves that he properly exhausted his administrative remedies.

The plaintiff filed a motion for summary judgment, along with an affidavit, on June 14, 2011. However, this motion does not comply with the rules and makes only the conclusory allegation that the defendant denied the plaintiff his due process rights by placing him on back of the cell restriction "for ulterior motive[s], and without any form of due

process." (Docket #27).

The plaintiff also filed a motion to deny the defendant's motion for summary judgment on the merits. Here, for the first time, the plaintiff argues that the ICRS does not apply to his claim because he received a conduct report for the incident. The brief that accompanied this motion contains only the assertions that the plaintiff was placed on back of cell restriction without any form of due process and that the Fourteenth Amendment requires some form of due process before prisoners are punished. This motion does not seek relief that can be granted and will be denied. The defendant's motion for summary judgment will rise or fall on its own merits, but the court will consider both of the plaintiff's motions and their accompanying documents in its evaluation of the defendant's motion for summary judgment.

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under Section 1983[2] of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(e). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 87, 92 (2006); see also, Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). It is a defendant's burden to establish that a plaintiff has

---

[2] 42 U.S.C.§1983.

failed to exhaust administrative remedies. Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002).

The defendant has presented evidence that the plaintiff attempted to submit an offender complaint regarding the incident underlying this case, but it was returned to the plaintiff because the complaint was not legible. Pursuant to Wis. Admin. Code § DOC 310.09(3), "[t]he ICE shall return, and not process as complaints, submissions that do not meet the requirements under sub. (1)." One of those requirements is that the complaint must "[b]e typed or written legibly on forms supplied for that purpose." Wis. Admin. Code § DOC 310.09(1)(a). The ICE determined that the plaintiff's complaint was not legible and, as a result, returned it to him. Although the plaintiff was advised that he could rewrite his complaint legibly and resubmit it, the plaintiff never rewrote and resubmitted his complaint. Accordingly, the plaintiff failed to exhaust his administrative remedies with regard to these claims.

The plaintiff maintains that the ICE is selective with regard to which of his complaints she accepts and which she returns. However, the Wisconsin Administrative Code requires complaints to be legible. The documents submitted by the plaintiff, including his complaint, are very difficult to read. Sometimes the words can be made out and sometimes they cannot. In his order screening the plaintiff's complaint, Chief United States District Judge Charles N. Clevert, Jr. also observed that "[t]he plaintiff's complaint is difficult to read and understand." (Court's Order Granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* at 3). (Docket #10).

As referenced above, the plaintiff contends that the ICRS does not apply to his claim. He suggests that the ICRS does not apply when a conduct report is written and,

therefore, he had no obligation to file a complaint to satisfy the exhaustion requirement. However, the plaintiff tried to submit a complaint and never gave the ICE the opportunity to tell him whether the ICRS applied to his particular complaint. Moreover, the ICRS may be used to raise an issue related to a conduct report, but only after "the inmate has exhausted the disciplinary process in accordance with ch. DOC 303." Wis. Admin. Code § DOC 310.08(2)(a).

The plaintiff offers no explanation for his failure to rewrite and resubmit the complaint. Viewing the evidence in the light most favorable to the plaintiff, the plaintiff's failure to rewrite and resubmit his complaint constitutes a failure to exhaust his administrative remedies. Therefore, the defendant's motion for summary judgment will be granted. The plaintiff's motion for summary judgment and his motion for an order to deny the defendant's motion for summary judgment will be denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion for summary judgment be and hereby is **granted**. (Docket #20)

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment be and hereby is **denied**. (Docket #27)

**IT IS ALSO FURTHER** that the plaintiff's motion for order to deny the defendant's motion for summary judgment be and hereby is **denied**. (Docket #32)

**IT IS ALSO ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 12th day of December, 2011.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge